UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Felix Diaz, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,<br><br>　　Plaintiff,<br><br>　　v.<br><br>Utz Quality Foods, Inc., and Utz Quality Foods, LLC,<br><br>　　Defendants. | Case No. 1:22-cv-07361-RA<br><br>Civil Action<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Utz Quality Foods, LLC and Utz Quality Foods, Inc. (which is the former name of Utz Quality Foods, LLC) (collectively, "Utz"), by its attorneys, Locke Lord LLP, hereby file this Answer to the Complaint by Plaintiff Felix Diaz ("Plaintiff") and state as follows:

**SUMMARY OF ANSWER**

The Complaint in this case falsely alleges that Plaintiff Felix Diaz worked for Utz as a delivery driver in Brooklyn, New York, that Utz misclassifies its delivery drivers as salaried employees, and that Utz failed to pay its delivery drivers legally required wages under federal and state laws. Plaintiff Felix Diaz did not work at any time for Utz in any capacity. Diaz is well aware that he never worked for Utz at any time and worked instead for A&M Tasty Snacks Inc., an independent corporation that has a contractual arrangement with Utz to distribute Utz snack food products. Utz does not employ any delivery drivers in the New York City metropolitan area. Utz products are distributed in New York City exclusively through local independent distributors, who own and operate their own corporations and other business entities. These independent business distributors, like A&M Tasty Snacks Inc., purchase snack foods from Utz and pick up these purchases from an Utz distribution center in New York City. The independent business

distributors then re-sell such snack food products to grocery stores, convenience stores, and other food markets in New York City. Because they own and operate their own businesses, these independent distributors have the right to hire other employees to work for them. Some distributors do so using helpers they hire and pay to load and unload snack food products from the distributors' trucks, keep their trucks secure in urban areas when parked (or double-parked) on streets, and otherwise assist distributors as employees of the distributors. Upon information and belief, plaintiff Diaz worked for A&M Tasty Snacks Inc. in this capacity. Utz has informed Diaz's legal counsel of the above facts and informed his lawyers that the lawsuit is based on false allegations and factual contentions that Diaz could readily confirm have no evidentiary support. To date, Diaz and his counsel have refused to withdraw this baseless lawsuit. As a result, Utz reserves its rights to seek sanctions against Plaintiff and/or his counsel including payment of Utz's legal fees caused by Plaintiff's commencement and maintenance of this frivolous lawsuit and for proceeding in bad faith.

## NATURE OF THE ACTION [1]

1.  Utz admits that the language quoted in Paragraph 1 of the Complaint is contained in the cited hyperlink from information filed by Utz Brands, Inc., which speaks for itself.

2.  Utz admits that the language quoted in Paragraph 2 of the Complaint is contained in the cited hyperlink from information on the website of Utz Brands, Inc. and from information filed by Utz Brands, Inc., which speak for itself.

3.  Utz denies the allegations contained in Paragraph 3 of the Complaint.

4.  Utz denies the allegations contained in Paragraph 4 of the Complaint.

---

[1] This Answer incorporates the headings contained in the Complaint and are not headings admitted or agreed to by Utz.

5. Utz denies the allegations contained in Paragraph 5 of the Complaint that it violated the Fair Labor Standards Act ("FLSA") or New York State Labor Law and its supporting Regulations and affirmatively states that Plaintiff is not and has never been employed by Utz in any capacity, but rather, if employed at all, was employed by another independent business entity.

6. Utz denies the allegations contained in Paragraph 6 of the Complaint that Plaintiff, who has never been employed by Utz, is entitled to any relief in this lawsuit.

## JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 7 of the Complaint and affirmatively states that because Plaintiff is not and has never been an employee of Utz, this Court has no subject matter jurisdiction over this action.

8. The allegations contained in Paragraph 8 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 8 of the Complaint and affirmatively states that because Plaintiff is not and has never been an employee of Utz, he has no legal basis or standing to sue under the FLSA.

9. The allegations contained in Paragraph 9 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 9 of the Complaint.

## THE PARTIES

**PLAINTIFF FELIX DIAZ**

10. Utz denies the allegations contained in Paragraph 10 of the Complaint and

affirmatively states that Plaintiff was never employed by Utz in any capacity at any time.

11. Utz denies the allegations contained in Paragraph 11 of the Complaint and affirmatively states that Plaintiff was never employed by Utz in any capacity at any time.

12. Utz denies the allegations contained in Paragraph 12 of the Complaint and affirmatively states that Plaintiff was never an employee of Utz in any capacity at any time and hence is not an employee under the FLSA for purposes of this lawsuit against Utz.

13. The allegations contained in Paragraph 13 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 13 of the Complaint to the extent that Plaintiff has never been an employee of Utz in any capacity at any time.

**DEFENDANT UTZ QUALITY FOODS, INC.**

14. Utz denies the allegations in Paragraph 14 of the Complaint that Utz Quality Foods, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania and admits that it is the former name of Utz Quality Foods, LLC.

15. Utz denies the allegations in Paragraph 15 of the Complaint.

16. Utz denies the allegations in Paragraph 16 of the Complaint.

17. Utz denies the allegations contained in Paragraph 17 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz Quality Foods, Inc. in any capacity at any time.

18. Utz denies the allegations contained in Paragraph 18 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz Quality Foods, Inc. in any capacity at any time.

**DEFENDANT UTZ QUALITY FOODS, LLC**

19. Utz admits the allegations in Paragraph 19 of the Complaint that Utz Quality Foods, LLC is a limited liability company organized under the laws of the State of Delaware.

20. Utz admits the allegations in Paragraph 20 of the Complaint that Utz Quality Foods, LLC is licensed to do business in New York and maintains a principal place of business at 900 High Street, Hanover, PA, 17331, but denies the remaining allegations in Paragraph 20 of the Complaint.

21. Utz admits the allegations in Paragraph 21 of the Complaint that Utz Quality Foods, Inc. has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

22. The allegations contained in Paragraph 22 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 22 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

23. The allegations contained in Paragraph 23 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 23 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

24. Utz denies the allegations contained in Paragraph 24 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

25. Utz denies the allegations contained in Paragraph 25 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

26. Utz denies the allegations contained in Paragraph 26 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

27. Utz denies the allegations contained in Paragraph 27 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

28. Utz denies the allegations contained in Paragraph 28 of the Complaint and all of its subparts.

29. Utz denies the allegations contained in Paragraph 29 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

30. Utz denies the allegations contained in Paragraph 30 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

**FACTUAL ALLEGATIONS**

31. Utz denies the allegations contained in Paragraph 31 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

32. Utz denies the allegations contained in Paragraph 32 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

33. Utz denies the allegations contained in Paragraph 33 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

34. Utz denies the allegations contained in Paragraph 34 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

35. Utz denies the allegations contained in Paragraph 35 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

36.     Utz states that it is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies the same, and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

37.     Utz denies the allegations contained in Paragraph 37 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time and that Utz never paid any money to Plaintiff for any reason because it has had no relationship with Plaintiff.

38.     Utz denies the allegations contained in Paragraph 38 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time and that Utz never paid any money to Plaintiff for any reason because it has had no relationship with Plaintiff.

39.     Utz states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies the same, and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time and that Utz never paid any money to Plaintiff for any reason because it has had no relationship with Plaintiff.

40.     Utz denies the allegations contained in Paragraph 40 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time and that Utz never paid any money to Plaintiff for any reason because it has had no relationship with Plaintiff.

41.     Utz denies the allegations contained in Paragraph 41 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time and that Utz never paid any money to Plaintiff for any reason because it has had no relationship

with Plaintiff.

42. Utz denies the allegations contained in Paragraph 42 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

43. Utz denies the allegations contained in Paragraph 43 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

44. Utz denies the allegations contained in Paragraph 44 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

45. Utz denies the allegations contained in Paragraph 45 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

46. Utz denies the allegations contained in Paragraph 46 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time and that Utz never paid any money to Plaintiff for any reason because it has had no relationship with Plaintiff.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47. The allegations contained in Paragraph 47 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 47 of the Complaint and affirmatively states that Plaintiff cannot bring a collective action because he has never been an employee of Utz in any capacity at any time.

48. The allegations contained in Paragraph 48 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 48 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

49.  The allegations contained in Paragraph 49 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 49 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

50.  The allegations contained in Paragraph 50 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 50 of the Complaint and affirmatively states that Plaintiff cannot bring a collective action because he has never been an employee of Utz in any capacity at any time.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq.*)

51.  Utz repeats and incorporate its responses to Paragraphs 1 through 50 of this Answer as if fully set forth herein.

52.  Utz denies the allegations contained in Paragraph 52 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

53.  Utz denies the allegations contained in Paragraph 53 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

54.  The allegations contained in Paragraph 54 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required Utz denies the allegations contained in Paragraph 54 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time and is not entitled to any recovery of wages, liquidated damages, or any other relief from Utz.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)

55. Utz repeats and incorporates its responses to Paragraphs 1 through 54 of this Answer as if fully set forth herein.

56. The allegations contained in Paragraph 56 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 56 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

57. The allegations contained in Paragraph 57 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 57 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

58. The allegations contained in Paragraph 58 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 58 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

59. Utz denies the allegations contained in Paragraph 59 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages or damages from Utz because he has never been an employee of Utz in any capacity at any time.

60. The allegations contained in Paragraph 60 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 60 of the Complaint and affirmatively states that Plaintiff is not

entitled to any wages, damages, or other relief from Utz because he has never been an employee of Utz in any capacity at any time.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

61. Utz repeats and incorporates its responses to Paragraphs 1 through 60 of this Answer as if fully set forth herein.

62. The allegations contained in Paragraph 62 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 62 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

63. Utz denies the allegations contained in Paragraph 63 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

64. The allegations contained in Paragraph 64 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 64 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages, damages, or other relief from Utz because he has never been an employee of Utz in any capacity at any time.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

65. Utz repeats and incorporate its responses to Paragraphs 1 through 64 of this Answer as if fully set forth herein.

66. The allegations contained in Paragraph 66 of the Complaint set forth legal

conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 66 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

67. The allegations contained in Paragraph 67 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 67 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

68. The allegations contained in Paragraph 68 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 68 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

69. Utz denies the allegations contained in Paragraph 69 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages from Utz because he has never been an employee of Utz in any capacity at any time.

70. The allegations contained in Paragraph 70 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 70 of the Complaint and affirmatively states that Plaintiff is not entitled to any wages, damages, or other relief from Utz because he has never been an employee of Utz in any capacity at any time.

**FIFTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

71. Utz repeats and incorporates its responses to Paragraphs 1 through 70 of this

Answer as if fully set forth herein.

72. The allegations contained in Paragraph 72 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 72 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

73. The allegations contained in Paragraph 73 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 73 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

74. The allegations contained in Paragraph 74 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 74 of the Complaint and affirmatively states that Plaintiff is not entitled to any damages or other relief from Utz because he has never been an employee of Utz in any capacity at any time.

### SIXTH CLAIM
**(Violation of the Wage Statement Provisions of the NYLL)**

75. Utz repeats and incorporates its responses to Paragraphs 1 through 74 of this Answer as if fully set forth herein.

76. The allegations contained in Paragraph 76 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 76 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

77. The allegations contained in Paragraph 77 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the

allegations contained in Paragraph 77 of the Complaint and affirmatively states that Plaintiff is not entitled to any damages from Utz because he has never been an employee of Utz in any capacity at any time.

### SEVENTH CLAIM
### (Failure to Pay Timely Wages)

78. Utz repeats and incorporates its responses to Paragraphs 1 through 77 of this Answer as if fully set forth herein.

79. The allegations contained in Paragraph 79 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 79 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

80. The allegations contained in Paragraph 80 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 80 of the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.

81. The allegations contained in Paragraph 81 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Utz denies the allegations contained in Paragraph 81 of the Complaint and affirmatively states that Plaintiff is not entitled to any damages from Utz because he has never been an employee of Utz in any capacity at any time, even if such damages are cognizable under law.

### PRAYER FOR RELIEF

82. Utz denies that Plaintiff is entitled to any of the elements of his Prayer for Relief in the Complaint and affirmatively states that Plaintiff has never been an employee of Utz in any capacity at any time.  Plaintiff and/or his counsel is liable to Utz for payment of its legal fees in

defending this frivolous lawsuit brought in bad faith against Utz.

## DEFENSES AND AFFIRMATIVE DEFENSES

Utz, without admitting any liability, hereby asserts the following defenses / affirmative defenses, without acknowledging whether any are defenses or affirmative defenses.

### First Defense / Affirmative Defense

The Complaint and each of its claims therein fail to state a claim upon which relief may be granted.

### Second Defense / Affirmative Defense

Plaintiff's claims for relief fail because he is not and has never been an employee of Utz under the FLSA or New York Labor Law.

### Third Defense / Affirmative Defense

Because Plaintiff is not an employee of Utz, he lacks standing to bring a claim against Utz under the FLSA and the New York Labor Law.

### Fourth Defense / Affirmative Defense

Because Plaintiff is not an employee of Utz, this Court lacks subject matter jurisdiction over this action.

### Fifth Defense / Affirmative Defense

Plaintiff, by his acts, conduct, and omissions, is estopped from asserting any purported cause of action against Utz.

### Sixth Defense / Affirmative Defense

One or more of each Plaintiff's causes of action are barred in whole or in part by waiver, estoppel, laches, unclean hands, payment, accord and satisfaction, acquiescence, settlement, release, election of remedies, failure of consideration, and/or lack of standing.

**Seventh Defense / Affirmative Defense**

Plaintiff's claims for liquidated damages and interest under the FLSA and New York Labor Law are barred to the extent that these forms of relief are duplicative of each other

**Eighth Defense / Affirmative Defense**

Utz has at all times acted in good faith and has had reasonable grounds for believing that the acts or omissions alleged in the Complaint were not a violation of the FLSA or New York Labor Law.

**Ninth Defense / Affirmative Defense**

To the extent Plaintiff has suffered any damages in connection with the allegations contained in the Complaint, Utz did not cause any such damages to Plaintiff.

**Tenth Defense / Affirmative Defense**

Because this lawsuit has been brought and maintained in bad faith and is frivolous, Utz is entitled to reimbursement from Plaintiff and/or Plaintiff's counsel for its legal fees and expenses.

Dated: September 2, 2022                              Respectfully submitted,

By: */s/ Richard J. Reibstein*
Richard J. Reibstein
Christopher B. Fontenelli
LOCKE LORD LLP
200 Vesey Street, 20th Floor
New York, NY 10281
Tel: (212) 912-2797
Fax: (212) 812-8377
Email: RReibstein@lockelord.com
Email: CFontenelli@lockelord.com

*Attorneys for Utz Quality Foods, Inc. and Utz Quality Foods, LLC*