

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
www.lockelord.com

Richard J. Reibstein
Direct Telephone:  212-912-2797
Direct Fax:  212-812-8377
rreibstein@lockelord.com

December 15, 2022

VIA ECF FILING

Hon. Ronnie Abrams
United States District Court Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Diaz v. Utz Quality Foods, Case No. 1:22-cv-07361-RA
            Request for Court Intervention

Dear Judge Abrams:

We represent the defendant Utz Quality Foods, LLC ("Utz").  We wish to bring to Your Honor's attention a matter that requires an intervention of the Court in connection with the above referenced case for the repeated failure of the plaintiff's attorneys to carry out their representations to Martin Siegel, the mediator assigned to this case, that plaintiff would be not be attending the mediation because plaintiff would be amending the Complaint by adding a different defendant and dismissing Utz from the case.  That representation was made eight weeks ago, and to this date and despite several reminders by the undersigned and Mediator Siegel, plaintiff's counsel has not filed any such documents with this Court or submitted to Utz or proposed any stipulation amending the Complaint and dismissing Utz from the action.

The Complaint in this case was filed on August 29, 2022.  Shortly thereafter, on September 2, 2022, Utz filed an Answer to Complaint and Affirmative Defenses, specifically stating throughout the Answer that plaintiff Diaz was "well aware that he never worked for Utz at any time and worked instead for A&M Tasty Snacks Inc., an independent corporation that has a contractual arrangement with Utz to distribute Utz snack food products."  See Answer at 1 ("Summary of Answer"), ECF Dkt. No. 7.  The Summary of Answer continued:

> "Utz does not employ any delivery drivers in the New York City metropolitan area. Utz products are distributed in New York City exclusively through local independent distributors, who own and operate their own corporations and other business entities. These independent business distributors, like A&M Tasty Snacks Inc., purchase snack foods from Utz and pick up these purchases from an Utz distribution center in New York City. The independent business distributors then re-sell such snack food products to grocery stores, convenience stores, and other food markets in New York City. Because they own and operate their own businesses, these independent distributors have the right to hire other employees

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

131029504v.1

December 15, 2022
Page 2

> to work for them. Some distributors do so using helpers they hire and pay to load and unload snack food products from the distributors' trucks, keep their trucks secure in urban areas when parked (or double-parked) on streets, and otherwise assist distributors as employees of the distributors. Upon information and belief, plaintiff Diaz worked for A&M Tasty Snacks Inc. in this capacity. Utz has informed Diaz's legal counsel of the above facts and informed his lawyers that the lawsuit is based on false allegations and factual contentions that Diaz could readily confirm have no evidentiary support. To date, Diaz and his counsel have refused to withdraw this baseless lawsuit. As a result, Utz reserves its rights to seek sanctions against Plaintiff and/or his counsel including payment of Utz's legal fees caused by Plaintiff's commencement and maintenance of this frivolous lawsuit and for proceeding in bad faith."

On September 7, 2022, the Court directed that this case, which alleges a violation of the Fair Labor Standards Act (FLSA), be mediated under court rules applicable to claims brought under the FLSA. *See* Dkt. No. 9. Thereafter, on September 13, 2022, this Court's mediation office referred the case to mediator Martin Siegel.

The mediation order required the parties to exchange documents, which the parties did. Mediator Siegel directed the parties to file mediation briefs directly with him, which Utz submitted. The parties agreed, in consultation with Mediator Siegel, that a mediation would be conducted on October 20, 2022.

On October 18, 2022, plaintiff's counsel wrote to Mediator Siegel and counsel for defendant Utz, requesting an adjournment of the mediation because plaintiff's attorneys said they anticipated filing an Amended Complaint and stipulation to dismiss the case without prejudice as against Utz. As a result, the mediation was adjourned.

On November 9, 2022, the undersigned wrote to plaintiff's counsel and noted that "[i]t has been three weeks since you advised the mediator that you will be stipulating to a dismissal of the case against Utz Quality Foods" and "[w]e have not received from you a stipulation to review and sign." On November 14, 2022, Mediator Siegel likewise sent an email to plaintiff's counsel stating that "I also thought the case was to be dismissed and re filed." He then stated: "Please give me a status updated by November 18th so everyone will be 'reading off the same sheet of music.'" Plaintiff's counsel did not respond to Utz's counsel or Mediator Siegel.

On November 21, 2022, the undersigned sent an email to plaintiff's counsel stating: "Neither we nor the mediator has heard from you despite two prior emails following your statement to the mediator that you will be dismissing the lawsuit against Utz without prejudice. If we do not hear from you very shortly, we will so inform the court accordingly." Later that same day, Mediator Siegel sent an email to all counsel, stating: "If we do not hear back by November 30, 2022, then I think [the] Court should be notified."

When plaintiff failed to respond to Mediator Siegel or submit a response or stipulation to defendant by December 1, 2022, the undersigned again wrote to plaintiff's counsel on that date that "I have sent you two reminders since October 18 and have not heard back from you either time, not even with an acknowledgement that you have received my emails or Mr. Siegel's email from November 21 (below)." Finally, later that day, December 1, plaintiff's counsel responded to the undersigned

December 15, 2022
Page 3

and Mediator Siegel, stating: "We are preparing our amended complaint. We anticipate filing it early next week. Thank you."

"Early next week" came and went without any submission by the plaintiffs' counsel, so by Thursday of last week, December 8, the undersigned wrote to plaintiff's counsel once again, stating: "We have not been served with a proposed amended complaint and a stipulation or motion to amend.  If we do not hear from you by close of business tomorrow, we will communicate with Judge Abrams on Monday, Dec. 12. Kindly allow me to remind you about FRCP 1, which requires the 'just, speedy, and inexpensive determination of every action and proceeding.'  The prolonged delay since you asked the mediator to adjourn the mediation on October 18, so that you could file an amended complaint against other defendants and dismiss Utz from the lawsuit, is unacceptable."

Later that same day, December 8, plaintiff's counsel sent the undersigned an email as follows: "Please provide me with a copy of the contractual arrangement referenced in your September 2, 2022 Answer, to substantiate your allegation that A&M Tasty Snacks Inc. was plaintiff's actual employer." That same day, the undersigned responded to plaintiff's counsel and provided the requested agreement between Utz and A&M Tasty Snacks.  No response was forthcoming from plaintiff's counsel and so on Monday, December 12, the undersigned again wrote to plaintiff's counsel and noted that it has been seven weeks since plaintiff requested an adjournment of the mediation to amend the Complaint by adding a new defendant and dismissing Utz, and still he had not submitted anything to defendant's counsel or the Court.

In these circumstances, having obtained an adjournment from the mediation eight weeks ago on the representation that plaintiff would amend the Complaint and dismiss Utz, and after having been provided with the document plaintiff's counsel requested that confirms Utz was not plaintiff's employer, plaintiff's counsel has still not filed any Amended Complaint or sent a stipulation of dismissal of Utz to defendant's counsel.

We respectfully request that the Court intervene in this matter and direct plaintiff and his counsel to do as represented eight weeks ago when he asked Mediator Siegel to adjourn the mediation for that purpose.

Respectfully submitted,

*[signature]*

Richard J. Reibstein

Plaintiff are directed to file a response by letter no later than December 23, 2022.

SO ORDERED.

*[signature]*

Hon. Ronnie Abrams
United States District Judge
12/16/2022

131029504v.1